UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FROYLAN SANCHEZ,<br><br>   Plaintiff,<br><br> v.<br><br>KEENER, et al.,<br><br>   Defendants. | Case No. 22-cv-03545-VKD<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND** |

Pro se plaintiff Froylan Sanchez filed this civil rights action against defendants Detective Keener of the Napa Police Department and "Napa Sheriffs." Dkt. No. 1 at 2. The Court granted Mr. Sanchez's request to proceed *in forma pauperis* in a separate order. Dkt. No. 7.

For the reasons explained below, the Court concludes that the complaint includes allegations sufficient to state a claim for violation of Mr. Sanchez's Fourth Amendment right to be free from the use of excessive force, but asserts this claim against defendant Keener only in his official capacity and not in his individual capacity. The Court further concludes that the complaint otherwise fails to state a plausible claim for relief against any other individual officer or against a governmental entity. Mr. Sanchez may amend his complaint to attempt to correct the deficiencies discussed below.

**I. BACKGROUND**

Mr. Sanchez is currently confined at the Federal Correctional Institution in Sheridan, Oregon. Dkt. No. 1 at 2. He brings this action against defendant Keener of the Napa Police Department and "Napa Sheriffs" for injuries he sustained during an arrest on December 12, 2019. *Id.* at 4, 5.

Mr. Sanchez alleges that during the arrest, defendant Keener removed Mr. Sanchez from his vehicle and "slammed [his] head against the pavement and pushed a knee into [his] back fracturing [his] spine." *Id.* Mr. Sanchez seems to suggest that the "Napa Sheriffs" also were involved in the incident or that they saw what happened. *See id.* at 5 (sec. IV.D.). He names both Keener and the "Napa Sheriffs" as defendants and sues them in their "official capacity." *Id.* at 2-3.

Mr. Sanchez brings his claim under 42 U.S.C. § 1983 for violation of his "constitutional rights as a citizen of the United States." *Id.* at 4. He seeks $6 million in damages for injuries to his back and knees. *Id.* at 6.

## II.   LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

2

under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only plausible claims for relief will survive a motion to dismiss. *Id*. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

## III.  DISCUSSION

Although Mr. Sanchez does not identify a specific federal constitutional or statutory right that he contends defendants violated, the Court construes his complaint as asserting a claim for violation of his Fourth Amendment right to be free from the use of excessive force.

### A.  Fourth Amendment Excessive Force Claim Against Keener

Mr. Sanchez's allegations concerning the use of excessive force by a law enforcement officer in effectuating an arrest are sufficient to state a claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or investigatory stop are analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) ("All claims that law enforcement officers have used excessive force—deadly or otherwise—in the course of an arrest must be analyzed under the Fourth Amendment and its 'reasonableness' standard.").

Mr. Sanchez indicates that he is suing defendant Keener only in his "official capacity." *See* Dkt. No. 1 at 2. As a general matter, an action brough against a law enforcement officer in his

official capacity seeks to hold the entity of which the officer is an agent liable, rather than the officer himself. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55 (1978)). For this reason, an officer sued in his official capacity is entitled to invoke sovereign immunity just as the entity may. *Id.* at 167. By contrast, an action brought against an officer in his individual capacity seeks to impose personal liability on the officer for wrongful actions he takes "under color of state law" and in the course of his official duties. *Id.* at 165. An officer sued in his individual capacity cannot claim sovereign immunity from suit. *Alden v. Maine,* 527 U.S. 706, 757 (1999). It is unclear from the complaint whether Mr. Sanchez intends to assert his claim for money damages against defendant Keener in his individual capacity, or only in his official capacity, in which case it may be subject to dismissal. *See Nesbit v. Dep't of Pub. Safety*, Nos. 06-16428, 06-16623, 283 Fed. App'x. 531, 533 (9th Cir. 2008) (unpublished memorandum disposition) (concluding that the district court properly dismissed prisoners' claims against defendants acting in their official capacities).

### B. Fourth Amendment Excessive Force Claim Against Napa Sheriffs

Mr. Sanchez also names as defendant the "Napa Sheriffs." It is not clear from the complaint whether he means the Napa County Sheriff's Office or whether he means individual officers from that office. In addition, the complaint does not clearly allege the basis for liability against the Napa County Sheriff's Office or any individual officers from that office. As noted above, the complaint seems to say only that the officer or officers were "involved" in Mr. Sanchez's arrest or that they saw what happened.

As currently presented, Mr. Sanchez's complaint does not state any claim for relief against any individual officer except defendant Keener. He identifies no other officer, by name or other reference, and he says nothing about what any other officer did or failed to do. To the extent Mr. Sanchez contends that other individual officers engaged in conduct that violated his federal constitutional rights, he must plead facts sufficient to state a plausible claim that each such officer engaged in wrongful conduct.

If Mr. Sanchez means to allege that the Napa County Sheriff's Office is liable for constitutional violations, the complaint does not state any plausible claim for relief against that

4

entity. Local government entities are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).[1] However, a local government entity may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Rather, a plaintiff must allege: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Mr. Sanchez alleges no facts that could support a plausible *Monell* claim against the Napa County Sheriff's Office or any other county entity.

## IV.   CONCLUSION

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that while the complaint includes allegations sufficient to state a claim for violation of Mr. Sanchez's Fourth Amendment right to be free from the use of excessive force, it is not clear whether Mr. Sanchez asserts this claim against defendant Keener only in his official capacity and not in his individual capacity, and the complaint otherwise fails to state a plausible claim for relief against any other individual officer or against a governmental entity.

Mr. Sanchez may file an amended complaint to attempt to correct the deficiencies discussed above by no later than **December 12, 2022**. The amended complaint must include the caption and civil case number used in this order, Case No. C 22-cv-03545 VKD, and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Sanchez must answer all the questions on the form in order for the action to proceed.

---

[1] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690.

Mr. Sanchez is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Mr. Sanchez fails to file an amended complaint in time, or the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in whole or in part for failure to state a cognizable claim.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Mr. Sanchez.

**IT IS SO ORDERED.**

Dated: November 10, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge