UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FROYLAN SANCHEZ,

   Plaintiff,

v.

KEENER, et al.,

   Defendants.

Case No. 22-cv-03545-JSW

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a federal prisoner in Oregon, filed this pro se civil rights action under 42 U.S.C. § 1983 against officers of the Napa Police Department in Napa, California, where he was arrested, as well as against the Napa County Sherriff's Department. His complaint was dismissed with leave to amend by Magistrate Judge Virginia DeMarchi. Plaintiff filed a timely amended complaint, and the case was reassigned to the undersigned District Judge. For the reasons discussed below, the case is DISMISSED because Plaintiff did not cure the deficiencies in his original complaint.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

The original complaint was dismissed with leave to amend to correct the following deficiencies: to allege that he was suing defendant Keener in an individual capacity and not only official capacity (which would subject it to dismissal), and to identify other individual officers rather than the non-specific term "Napa Sheriffs" who were involved in the alleged violations of his rights and whom he wishes to sue, and to include sufficient facts describing their involvement in the alleged violations to state a plausible claim against them.  (ECF No. 8.)  The amended complaint does not correct any of these deficiencies.[1]

First, Plaintiff again asserts that he is suing defendant Keener in an official capacity. Second, Plaintiff names a new Defendant, Detective Kvamme or Kvumme (he spells it both ways) but provides no specific allegations explaining how this individual was involved in the underlying incident.  Lastly, Plaintiff again makes general allegations against "Napa Sheriffs" without specifying the individual(s) who allegedly failed to intervene in the other Defendants'

---

[1] Plaintiff was mailed the Court's form complaint to use to file his amended complaint, but he did not use the form.

violations. By failing to cure the deficiencies in the original complaint, the amended complaint does not state a cognizable claim for relief against Defendants.

## CONCLUSION

Accordingly, this case is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 7, 2023

_____
JEFFREY S. WHITE
United States District Judge

3