UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FROYLAN SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>KEENER, et al.,<br><br>    Defendants. | Case No. 22-cv-03545-JSW<br><br>**ORDER OF SERVICE** |

Pursuant to the order and mandate of the United States Court of Appeals for the Ninth Circuit finding the operative complaint (ECF No. 9), when liberally construed, to state cognizable claims against Defendants Detective Keener and Detective Kvamme for using excessive force against him during the course of his arrest, the Court hereby orders service upon these two Defendants.

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the first amended complaint (ECF No. 9) with attachments, and a copy of this order on **Detective Keener at the Napa Police Department** and **Detective Kvamme (or Kvumme) at the Napa County Sherriff's Department**.

The Clerk shall also mail a courtesy copy of the amended complaint with all attachments and a copy of this order to the Napa City Attorney's Office and the Napa County Counsel's Office.

2. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

    a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by

adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

      c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

      d.  Defendants shall file a reply brief no later than **14** days after the opposition is filed.

      e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by the Plaintiff with the court must be served on Defendant, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's3counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

//

//

2

1  6. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
2 informed of any change of address and must comply with the court's orders in a timely fashion.
3 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
4 Federal Rule of Civil Procedure 41(b).

5  **IT IS SO ORDERED.**

6 Dated: January 10, 2024

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**IT IS SO ORDERED.**

Dated: January 10, 2024

JEFFREY S. WHITE
United States District Judge